IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BETTY D. GUTIERREZ,** | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| | § | 5:22-cv-251 |
| | § | |
| **RELIANCE STANDARD LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| Defendant | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Reliance Standard Life Insurance Company wrongfully terminated the long-term disability benefits of Betty Gutierrez.

**I. PARTIES**

1. Plaintiff Betty Gutierrez is a resident of San Antonio, Bexar County, Texas.

2. Defendant Reliance is a foreign insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas. 75201-4284. Reliance is incorporated in Illinois and has its principal place of business in Philadelphia, Pennsylvania.

## II. JURISDICTION AND VENUE

3. This lawsuit is a claim for disability benefits provided by group insurance policy insuring employees of the Bexar County Hospital District d/b/a University Health System.

4. This Court has diversity jurisdiction as the matter in controversy exceeds $75,000 exclusive of interest and costs, and is between citizens of different States. Plaintiff Betty Gutierrez resides in San Antonio, Bexar County, Texas. She is a citizen of Texas. Defendant Reliance is an insurance company that is incorporated in Illinois and has its principal place of business in Philadelphia, Pennsylvania. For diversity purposes, Reliance is not a citizen of Texas. As a result, this Court has diversity jurisdiction under the authority of 28 U.S.C. §1332(a)(1).

5. Venue is proper in the Western District of Texas, San Antonio Division, as the disability benefit payment obligations under the policy are to Gutierrez at her home in San Antonio, Bexar County, Texas.

## III. STATEMENT OF FACTS

6. Betty Gutierrez worked as a licensed vocational nurse for the Bexar County Hospital District d/b/a University Health System. As of April 18, 2017, Ms. Gutierrez could no longer perform the material duties of her occupation due to a constellation of impairments including Meniere's Disease and lumbar spondylolisthesis with radicular pain, including chronic pain in her feet. She has

been unable to engage in full-time work (and unable to maintain her license to practice nursing) since then due to her impairments.

7. As a benefit of her employment, she was insured by Reliance under a group disability policy insuring University Health System employees. Gutierrez received LTD benefits under the Reliance group policy from October 19, 2017 until April 19, 2021, a period of approximately 3 and one-half years. For the first two years, she received LTD benefits under the policy's *own occupation* definition of disability. Then she received LTD benefits for a year and one-half under the *any occupation* definition of disability. Her continued entitlement to LTD benefits under the *any occupation* definition is supported by the Social Security Administration's (SSA) finding that she is disabled under their definition of disability, which is similar to the *any occupation* definition in the policy.

8. Reliance, through its claims administrator Matrix, sent Gutierrez a letter dated July 2, 2020, offering her a lump sum of $58,694.99 as an "alternative to (her) receiving any further monthly LTD Benefits under the Group LTD policy." At that time Reliance considered Ms. Gutierrez permanently disabled and projected that, in all probability, she would be entitled to benefits under the LTD policy until 11/08/2030, the end of her maximum benefit period under the policy. In order to reduce its anticipated liability to Gutierrez under the policy, it offered her a discounted lump sum.

9. In contradiction to 1) Reliance's discounted lump sum offer, 2) the finding of disability by the SSA, 3) Reliance's approval and payment of LTD

benefits under the "any occupation" standard from October 15, 2019 until April 19, 2021, and 4) the medical evidence certifying that Ms. Gutierrez's impairments had not improved, Reliance terminated her LTD benefits effective April 19, 2021, alleging that Gutierrez's impairments had improved sufficiently to allow her to return to full-time work.

10. Gutierrez's health had not improved. Her approval for a year and 1/2 under the *any occupation* definition of the policy, coupled with the lack of improvement of her Meniere's Disease and the progressive nature of her lumbar spondylolisthesis and radicular pain, including chronic pain in her feet, made it clear to any reasonable mind that Reliance's termination of her benefits was unreasonable.

11. In regards to the finding of disability by the SSA, Matrix stated in relevant part as follows in its April 12, 2021 adverse benefit determination:

> "Sometime ago during the course of your claim, RSL advised you of the benefits of applying for SSDI and had suggested that it may be in your best interest to apply. This suggestion was made after review of your file by a Social Security Analyst in our office who felt that information in your claim file *at that time* suggested that your condition might qualify you to receive SSDI benefits. However, new information has been obtained by RSL that has led us to conclude you are no longer eligible to receive LTD benefits under our Policy. This additional information has been described above..." .

12. This was a false narrative. The medical records contradicted Reliance's decision to terminate LTD benefits. In his progress note dated

4

5/11/2021, approximately one month after Reliance terminated Gutierrez's LTD benefits, Gutierrez's neurosurgeon stated as follows:

> "..Her pain level today is 8/10 and she rates her symptoms as from her preoperative state. Her primary concern today is low back pain, right leg pain, bilateral feet pain, right leg pain numbness bilateral feet/leg weakness
> ............
> ............
> ...Patient reports persistent back and right leg pain which she feels is progressively worsening. She reports persistent sharp pain, throbbing and swelling to her feet bilaterally.......
> ............
> ............
>   I have reviewed and interpreted the patient's information and it demonstrates MRI lumbar 05/06/21 with L4-L5 listhesis contributing to mild bilateral neuroforaminal stenosis, L5-S1 modic changes and mild-moderate left and mild right foraminal stenosis. Overall stable to previous MRI 05/21/20......
> ............
>
> Treatment Plan
> Lumbago with sciatica right side (ICD10-M54.41), spondylolisthesis lumbar region (ICD 10-M43.16), low back pain (ICD 10-M54.5), Anesthesia (numbness) of skin,.... Paresthesia (tingling) of skin.... Pain in left foot, pain in right foot.
>
> I reviewed the MRI and EMG with the patient. I discussed her MRI is without significant stenosis however she has L4-L5 listhesis which I feel may be contributing to her symptoms. I will provide a referral to Dr. Samuelson pain management for right L4-S1 nerve blocks. I recommend that she establish with rheumatology as planned next month...."

13. Approximately one month after Reliance terminated her LTD benefits, Gutierrez's primary care physician wrote in her progress note:

> "She continues with symptoms related to Meniere's disease including dizziness, vertigo, disequilibrium. These chronic symptoms are exacerbated by movement and was (sic) looking at a

> computer screen.  She has been unable to work for several years due to this cause."

Her primary care physician provided Reliance the opinion that Ms. Gutierrez remained disabled due "chronic vertigo and dizziness, disequilibrium, chronic nausea, and tinnitus."

14. Gutierrez explained to Reliance why she remained unable to work:

> "I suffer from a debilitating disease called Meniere's, which affects me on a daily bases (sic).  With anything that involves body, head, turning movements, reaching, bending, walking, standing, sitting, have ear pressure and ringing in both ears constantly.  It affects me by causing daily nausea, dizziness, and episodes of vertigo, spinning sensation things moving when they are not.  They keep me limited to staying in bed until feeling better.  Vertigo leaves me with confusion, weakness, unsteadness (sic) feel like I am drunk mentally challenged.  I am not able to focus concentrate much less reading watching tv computer screen telephone looking at them causes rapid movements of objects at a fast pace.  Make me (sic) have dizziness vertigo, nausea.  I am not a dependable person due to my illness.  Not reliable (sic) not safe to have in a work environment or responsible for tasks.  I also have back surgery which left me with nerve pain to top of both feet (swelling) unable to stand, walk even sitting for long periods of time.  Many of my meds have side effects that affect me causing impaired alertness,
> drowsiness, sleepiness, unable to drive on a daily basis."

15. Gutierrez appealed the termination of her LTD benefits by letter dated July 23, 2021 and provided Matrix and Reliance substantial medical evidence that she remained disabled after April 19, 2021.   Despite the overwhelming evidence of disability, including the continued finding of disability by the SSA, Reliance upheld its denial of benefits under the policy effective April 19, 2021.

16. Gutierrez's employer, The Bexar County Hospital District d/b/a University Health System, is a governmental entity. The group disability benefit plan is a "government plan" as that term is defined within the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §1002(32). As a result, ERISA does not apply to the group policy and Ms. Gutierrez may pursue state law claims against Reliance. 29 U.S.C. §1003(b)(1) (exempting government plans from the reach of ERISA).

17. Since the administration and payment of claims under the group policy was subject to Texas law (beyond the reach of ERISA's broad preemption provision), after her appeal was denied Gutierrez sent a notice letter (hereinafter "Notice Letter") to Reliance under the pre-suit notice requirements of the Texas Deceptive Trade Practices Act (DTPA), specifically §17.505, and the Texas Insurance Code, specifically §541.154, advising Reliance of Gutierrez's claims and economic damages. Reliance has chosen not to respond. More than 60 days have elapsed since Reliance's receipt of the Notice Letter. In the Notice Letter, Gutierrez also provided notice that Reliance was in breach of contract by terminating her LTD benefits.

18. Gutierrez has satisfied all pre-suit requirements in order to bring her causes of action and her claim for attorney's fees.

### IV. CAUSES OF ACTION

**Count I: Breach of Contract**

19. Gutierrez remains disabled, as that term is defined within the Reliance policy, and therefore remains entitled to benefits under the policy. As of April 19, 2021, the date that it terminated Gutierrez's LTD benefits, and thereafter, Reliance is in breach the insurance policy by its termination of LTD benefits that remain due under the policy

**Count II: Claims Under the Texas Insurance Code, Title 5, Chapter 541**

20. Reliance's termination of Ms. Gutierrez's LTD benefits as of April 19, 2021 and thereafter is an unfair settlement practice that violates the following provisions within Chapter 541, Subchapter B, of the Texas Insurance Code.

*Texas Insurance Code*

***541.060*** *Unfair Settlement Practices*

*It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:*

*failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and failing to promptly provide to the policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.*

21. Reliance's prior efforts to reduce its anticipated liability by offering a discounted lump sum, along with the SSA's decision to award disability benefits and Gutierrez's medical records, support Gutierrez's assertion that Reliance did not, and could not, provide a reasonable explanation for its decision to terminate

8

Gutierrez's LTD benefits in April, 2021. Reliance's arbitrary denial of LTD benefits after April 19, 2021 is a violation of Subchapter B, §541.060, actionable under Subchapter D, §541.151 of the Texas Insurance Code. Specifically, Reliance's denial of further LTD benefits amounted to a failure to provide Gutierrez a reasonable explanation of the basis in the policy, in relation to the facts, for its denial of her claim for continued LTD benefits. Gutierrez brings this claim for her economic damages under §541.151 of the Texas Insurance Code.

22. Given the overwhelming evidence of Gutierrez's continued disability, Reliance knew that it was unreasonable to terminate her LTD benefits but performed the arbitrary action anyway. As a result, she is entitled to additional damages under §541.152(b) of the Texas Insurance Code.

### Count III: Claims Under the Texas Insurance Code, Title 5, Chapter 542 (*The Prompt Payment of Claims Act*)

23. Reliance's failure and refusal to pay Gutierrez's disability claim by December 1, 2021, being sixty days after receipt of all the information necessary to decide the claim, implicates its liability under Chapter 542 of the Texas Insurance Code. In accordance with Texas Insurance Code Section 542.060(a), 18% interest should attach as additional damages to the disability benefits owed Gutierrez as of December 1, 2021 and thereafter.

### V. RELIEF REQUESTED

*Past Due Benefits*

24. The policy provides for a monthly benefit based upon a percentage of Gutierrez's pre-disability earnings, less her Social Security disability benefit. Her net LTD benefit (her benefit after deduction of her monthly Social Security disability benefit) is $987.30 per month. As of May 19, 2022, Reliance owes Gutierrez the sum of $12,834.90 in past due benefits ($987.30 x 13 months).

*Present Value of Future Benefits*

25. In all probability, Gutierrez will remain unable to work at any full-time occupation for the rest of her life. She is entitled to LTD benefits under the policy until November 8, 2030. In addition to past due benefits, Gutierrez requests that the present value of her future benefits be awarded. The present value of her future benefits, discounted at the rate of 2% per annum, is $92,539.11.

*Additional Damages Under the Texas Insurance Code*

26. In addition, Gutierrez seeks three times the amount of her actual damages as additional damages under Subchapter D, §541.152(b) of the Texas Insurance Code as Reliance terminated Gutierrez's LTD benefits knowing that it was an unreasonable decision at the time that it made the decision.

*Interest as Damages Under the Texas Insurance Code on Past Amounts Owed as of December 1, 2021 and Thereafter*

27. In addition, in accordance with Section 542.060(a) of the Texas Insurance Code, 18% interest should attach as additional damages to disability benefits owed as of December 1, 2021 and thereafter.

## VI. ATTORNEY'S FEES

28. Gutierrez seeks her reasonable attorney's fees under the authority of Chapter 38 of the Texas Civil Practice and Remedies Code, which allows the recovery of attorney's fees for a successful breach of contract claim. Through counsel, she presented her breach of contract claim to Reliance more than 60 days before filing suit but Reliance has not tendered the amount owed.

29. Gutierrez also seeks her attorney's fees under Subchapter D, §541.152(1) of the Texas Insurance Code.

30. Gutierrez also seeks her attorney's fees under the Prompt Payment of Claims provisions of Subchapter D, §542.060(a) of the Texas Insurance Code.

## CONCLUSION

Wherefore, premises considered, Gutierrez requests back disability benefits in the amount of $12,834.90, plus monthly disability benefits that accrue after May 19, 2022 but while this case is pending at the rate of $987.30 per month, as well as the present value of future benefits in the amount of $92,539.11. She also seeks additional damages up to three times her actual economic damages because Reliance terminated Gutierrez's LTD benefits even though it knew it was an unreasonable and arbitrary action. As a result of the excessive delay in the payment of benefits that are owed Gutierrez, she requests that 18% interest (as damages) be added to her breach of contract damages from December 1, 2021 to the time of judgment in accordance with §542.060(a) of the Texas Insurance Code.

She also requests her attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas  78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By:  */s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Betty D. Gutierrez**